## Commonwealth *vs.* Richard Lufkin.

A complaint under Gen. Sts. *c.* 165, § 41, which alleges that the defendant, at a time and place named, "with force and arms unlawfully and cruelly did beat and torture a certain horse of the property of" the complainant and another person, does not charge two offences.

The cruel treatment of animals contemplated by Gen. Sts. *c.* 165, § 41, is the same, whether inflicted by the owner of the animal or another person. And if, in the trial of a complaint under this statute for cruelly beating and torturing the horse of another, the attention of the jury is directed to the fact that the defendant was not the owner of the animal, in such a manner that they may probably have considered that as an important consideration, a verdict of guilty should be set aside.

Complaint under Gen. Sts. *c.* 165, § 41, made by Edward Bassett, charging that the defendant, at a time and place named, " with force and arms unlawfully and cruelly did beat and torture a certain horse, of the property of him the said Edward Bassett and one Knott P. Martin, against the law," &c.

At the trial in the superior court, before *Vose*, J., there was evidence to prove that the horse in question was owned by Bassett & Martin, who were bakers, and that on the day named Martin drove him in a baker's cart to the defendant's house, stopping in the public street to deliver bread to the defendant's wife and to collect a bill of her; that Martin did not get off from his cart, but the defendant and his wife came out, and the defendant, who had a stick in his hand about as large as a large broom handle, ordered Martin to go away, and after a short dispute struck the horse a severe blow with the stick, which caused

him to jump forward, and the defendant followed, striking him three times more, and the horse ran so that Martin could hardly hold him. There was also evidence of a previous difficulty between the defendant and Martin, the defendant charging Martin with being too intimate with his wife, which Martin denied.

Upon this evidence, the defendant asked the court to instruct the jury that they must be satisfied that it was his intention cruelly to beat and torture the horse, and that in pursuance of such intention he did cruelly beat and torture him ; that there is no offence where there is no intention or motive; that if it was the intention of the defendant merely to drive off Martin, this was merely an assault on him ; and that the question for the jury was, whether the defendant inflicted the blows for the purpose and with the intention of injuring the horse, or inflicting pain and suffering upon the horse, or whether it was for the purpose of driving Martin away and injuring him.

The judge declined to give these instructions, and instructed the jury that a person may under some circumstances lawfully inflict force upon a horse, as where he has the ownership or control of the animal, and does it for the purpose of discipline or government, or for the purpose of driving him from his premises, if trespassing, but that in such cases the law requires that the force used should not be immoderate, or inflicted in such a manner as to cause unnecessary pain ; that in the present case it was not pretended that the defendant had any right to use any force either upon Martin or the horse ; that the jury must be satisfied that the defendant inflicted the blows upon the horse purposely, intentionally ; and it was immaterial what may have been his motive for so doing; and they must also be satisfied that the blows caused excessive pain and suffering to the animal.

The jury returned a verdict of guilty. The defendant alleged exceptions, and also moved in arrest of judgment, on the ground that the complaint charged two offences. This motion was overruled.

*D. C. Linscott,* for the defendant.

*Foster*, A. G., for the Commonwealth.

Hoar, J. The objection which is made to the form of the complaint cannot be supported; and the motion in arrest of judgment was properly overruled.

In considering the exceptions taken to the ruling and instructions at the trial, we find more difficulty. The defendant asked that the jury should be instructed that unless he inflicted the blows upon the horse for the purpose and with the intention of injuring the horse, or inflicting pain and suffering upon the horse, he could not be convicted. This instruction was given in a qualified manner. The jury were instructed that they must be satisfied that the defendant inflicted the blows upon the horse purposely, intentionally; and that it was immaterial what may have been his motive for so doing; and that they must also be satisfied that the blows caused excessive pain and suffering to the animal.

We have no doubt that the instructions asked should not have been given, and that they would have been erroneous. The motive of intending to inflict injury or suffering is not, by the terms of the statute, made an essential element of the offence. And although the most common case to which the statute would apply is undoubtedly that in which an animal is cruelly beaten or tortured for the gratification of a malignant or vindictive temper, yet other cases may be suggested, where no such express purpose could be shown to exist, which would be within the intent as well as the letter of the law. Thus, cruel beating or torture for the purpose of training or correcting an intractable animal; pain inflicted in wanton or reckless disregard of the suffering it occasioned, and so excessive in degree as to be cruel; torture inflicted by mere inattention and criminal indifference to the agony resulting from it, as in the case of an animal confined and left to perish from starvation; we can have no doubt would be punishable under the statute, even if it did not appear that the pain inflicted was the direct and principal object. Severe pain inflicted upon an animal for the mere purpose of causing pain or indulging vindictive passion is cruel. And so it is if inflicted without any justifiable cause, and with reasonable

cause to know that it is produced by the wanton or reckless conduct of the person who occasions it.

But, on the other hand, we fear that the instructions given were not full and explicit enough to make the jury understand the precise nature of the offence with which the defendant was charged, especially when taken in connection with the other remarks made by the presiding judge.

It certainly is not true, as an abstract proposition, that it is immaterial what may be the motive of a person who inflicts pain upon an animal, in determining the criminality of the act. Pain inflicted for a lawful purpose and with a justifiable intent, though severe, does not come within the statute meaning of " cruel." Thus a surgical operation, occasioning the most intense suffering, may be justifiable, and is not criminal. To drive a horse at a rate of speed most distressing to the brute, when the object is to save human life, for example, or to attain any other object of adequate importance, may yet be lawful.

But as applied to the particular circumstances of this case, as disclosed by the evidence, the instruction might have been supported if it were not for the fact that the attention of the jury was pointedly directed to the defendant's want of authority to do anything whatever to the horse. They were told that under some circumstances a person might lawfully inflict force upon a horse, as where he had the ownership or control of the animal, and did it for the purpose of discipline or government; or where he did it for the purpose of driving the horse from his premises, if trespassing; but that, in such cases, the law required that the force used should not be immoderate, or inflicted in such a manner as to cause unnecessary pain; and that it was not pretended that the defendant had any right to use any force upon Martin or his horse.

We think these instructions may have led the jury to lose sight of the true character of the offence with which the defendant was charged, and thus that injustice may have been done. The cruel treatment which the statute contemplates is the same, whether inflicted by the owner of the animal or by another. The jury should have been made to understand that if the

defendant struck the horse for the purpose of driving him away, and without any intent to torture or injure him, and the blows given, if they had been given by his owner for the like purpose, would not have been so excessive or immoderate as to be cruel in him, they would not make the defendant an offender under the statute merely because he was a trespasser in striking the horse. The title to the horse has nothing to do with this offence. If the defendant's object was a lawful one for any person, and his act was not an excessive and cruel use of force for that object, he should have been acquitted.

*Exceptions sustained.*